UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SCOTTIE D. BOWIE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-17559** |
| **LAWRENCE SAMANIE, ET AL.** | **SECTION: "A"(1)** |

## REPORT AND RECOMMENDATION

Scottie D. Bowie, a state pretrial detainee, filed this federal civil rights action pursuant to 42 U.S.C. § 1983. He sued Lawrence Samanie, Joy T. Chaisson, Kristie Bolden, Mitchel Fitch, and Robert Taylor. Plaintiff asserts claims for false arrest and false imprisonment.

### I. Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[1] Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2)  seeks monetary relief from a defendant who is immune from such relief.

---

[1] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
>    (i)     is frivolous or malicious;
>    (ii)    fails to state a claim on which relief may be granted; or
>    (iii)   seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[2] the undersigned recommends that, for the following reasons, several of plaintiff's claims be dismissed as frivolous and/or for failing to state a claim on which relief may be granted and his remaining claims be stayed.

## II. Plaintiff's Claims

In this lawsuit, plaintiff states his claims as follows:

> Joy Chaisson states that I went to rent a room she stated I broke a truck window and accused me of thief.
> Kristie Bolden states that I also broke into a truck and stole a black object from the truck.
> Deputy Mitchel Fitch states that I was running away from a crime that I was accused.
> Deputy Taylor states that he found a purse under the fence near the area that they stated I'd left these items.[3]

To place those claims in context, plaintiff attached to his complaint an arrest report completed by Deputy Fitch concerning plaintiff's arrest for simple burglary on April 24, 2016. That report states:

> ON APRIL 24, 2016 AT 0032 HOURS I, DEPUTY MITCHEL FITCH, OF THE TERREBONNE PARISH SHERIFF'S OFFICE WAS DISPATCHED TO THE BUSINESS OF PLANTATION INN AT 1381 WEST TUNNEL BOULEVARD IN REFERENCE TO A VEHICLE BURGLARY.

---

[2] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).
[3] Rec. Doc. 1, p. 4.

3

      UPON MY ARRIVAL AT 1237 HOURS, I OBSERVED A GRAY FORD F150 WITH A BROKEN PASSENGER SIDE WINDOW.  I THEN MADE CONTACT WITH KRISTIE BOLDEN (B/F [date of birth redacted]).  KRISTIE ADVISED A SUBJECT NAMED SCOTTIE BOWIE (B/M [date of birth redacted]) BROKE THE WINDOW OF A TRUCK IN THE PARKING LOT AND STOLE A DARK COLORED OBJECT FROM INSIDE BEFORE RUNNING TOWARD THE VANDEBILT BASEBALL FIELD.
      AT THAT TIME, DEPUTY ROBERT TAYLOR OBSERVED SCOTTIE ATTEMPTING TO CRAWL BENEATH THE FENCE SURROUNDING THE BASEBALL FIELD.  DEPUTY TAYLOR THEN PURSUED SCOTTIE TO THE OTHER SIDE OF THE BASEBALL FIELD WHERE HE WAS DETAINED.
      AT THAT TIME, DEPUTY TAYLOR AND I PLACED SCOTTIE IN THE REAR OF MY MARKED POLICE UNIT #140.  I THEN TRANSPORTED SCOTTIE BACK TO THE PLANTATION INN WHERE HE WAS POSITIVELY IDENTIFIED BY KRISTIE.
      I THEN MADE CONTACT WITH THE OWNER OF THE VEHICLE, LAWRENCE SAMANIE (W/M [date of birth redacted)].  LAWRENCE ADVISED HIS WIFE'S PURSE WAS MISSING FROM THE INTERIOR OF THE VEHICLE, AS WELL AS SEVERAL DOLLARS IN QUARTERS AND A BLUETOOTH SPEAKER.  DEPUTY TAYLOR THEN RETURNED TO THE AREA WHERE SCOTTIE CRAWLED UNDER THE FENCE AND RECOVERED A BROWN PURSE AND A BLUETOOTH SPEAKER.  THE PURSE AND SPEAKER WERE RETURNED TO LAWRENCE.
      TWO PHOTOS WERE TAKEN OF THE ROCK AND THE BROKEN WINDOW OF THE TRUCK AND PLACED ON A DVD TO BE SUBMITTED TO EVIDENCE.  A WITNESS STATEMENT FORM WAS FILLED OUT AND SIGNED BY KRISTIE AND ANOTHER WITNESS, JOY CHAISSON (W/F [date of birth redacted]).  LAWRENCE WAS ISSUED A CASE CARD AND ADVISED TO CONTACT ME IF HE NEEDED ANY FURTHER ASSISTANCE. SCOTTIE WAS ADVISED HE WAS UNDER ARREST AND TRANSPORTED TO THE TERREBONNE PARISH CRIMINAL JUSTICE COMPLEX WHERE HE WAS BOOKED FOR LRS14:62 SIMPLE BURGLARY AND HOUSED.[4]

## A.  Claims Against Samanie, Chaisson, and Bolden

Plaintiff filed this federal civil action pursuant to 42 U.S.C. § 1983.  In pertinent part, that statute provides:

      Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the

---

[4] Rec. Doc. 1, p. 6.

> jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

42 U.S.C. § 1983. Accordingly, as the United States Fifth Circuit Court of Appeals has explained:

> There are two essential elements to any section 1983 action. First, the conduct complained of must have been committed by a person acting under color of state law; and second, this conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.

Augustine v. Doe, 740 F.2d 322, 324-25 (5th Cir. 1984).

Here, that first element is clearly lacking with respect to the claims against Samanie, Chaisson, and Bolden. Those individuals are private citizens, and they are not "state actors" merely because they provided the police with the information which led to plaintiff's arrest. See, e.g., Daniel v. Ferguson, 839 F.2d 1124, 1130 (5th Cir. 1988) (private citizen who provides information to police is not a "state actor"); Pleasant v. Carraway, No. 94-10272, 1994 WL 261217, at *1 (5th Cir. June 6, 1994) ("[a] private individual complainant in a criminal prosecution does not act under color of law," even if the police relied upon the individual's sworn complaint in arresting and charging the plaintiff); Guillot v. Coastal Commerce Bank, Civ. Action No. 10-2092, 2010 WL 4812959, at *3 (E.D. La. Nov. 19, 2010) (Zainey, J.) ("[T]he law is clear that private parties do not become state actors when they merely call upon law enforcement for assistance. Private citizens who provide information to the police do not become state actors for purposes of § 1983 when the police rely upon that information to effect an arrest. And it does not matter that the citizen knew that the information given to police was false." (citations omitted)). "Absent joint conduct between law enforcement and the private citizen, such as during a conspiracy, or a special relationship between law enforcement and the private citizen, the conduct of the private citizen is not fairly attributable to the state." Guillot, 2010 WL 4812959, at *3.

5

Therefore, the claims against Samanie, Chaisson, and Bolden should be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

## B.  Claims Against Fitch and Taylor

On the other hand, Fitch and Taylor, the police officers involved in plaintiff's arrest, obviously are state actors, and the false arrest and false imprisonment claims against them implicate federal constitutional rights.  Despite that fact, the Court should not proceed with those claims at this time.

If plaintiff had already been convicted, this Court would clearly be barred from considering the claims by Heck v. Humphrey, 512 U.S. 477 (1994).[5]  However, plaintiff is currently awaiting trial on his criminal charge, and the United States Supreme Court has held that Heck does not bar "an action which would impugn *an anticipated future conviction*...."  Wallace v. Kato, 549 U.S. 384, 393 (2007) (emphasis in original).

---

[5] In Heck, the United States Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87 (emphasis in original) (footnote omitted).  Heck bars a false arrest claim brought by a convicted prisoner until such time as he obtains a favorable disposition on all of the underlying criminal charges for which he was arrested.  See Wallace v. Kato, 549 U.S. 384, 394 (2007); Queen v. Purser, 109 Fed. App'x 659, 660 (5th Cir. 2004); Wells v. Bonner, 45 F.3d 90, 95 (5th Cir. 1995); Jordan v. Strain, Civ. Action No. 09-3565, 2009 WL 2900013, at *2 n.4 (E.D. La. Aug. 28, 2009); Landor v. Hogue, Civ. Action No. 07-9171, 2008 WL 243950, at *3 (E.D. La. Jan. 25, 2008).  The same is true with respect to any related false imprisonment claim.  Jackson v. Terrell Police Department, Civ. Action No. 3:09-CV-2307, 2010 WL 183935, at *2-3 (N.D. Tex. Jan. 19, 2010); Burgo v. Ruiz, Civ. Action No. 09-1165, 2009 WL 5108390, at *2-3 (W.D. La. Dec. 15, 2009); Landor, 2008 WL 243950, at *3.

6

Nevertheless, the Supreme Court also made clear that does not mean that federal courts should forge ahead with cases in which a plaintiff's federal civil rights claims concern *pending* state criminal charges. Rather, the Supreme Court held:

> If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the civil suit would impugn that conviction, Heck will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

Id. at 393-94 (citations omitted). Therefore, under that reasoning, plaintiff's claims against Fitch and Taylor should be stayed until such time as the state criminal proceedings are concluded.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims against Lawrence Samanie, Joy T. Chaisson, and Kristie Bolden be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim upon which relief may be granted.

It is **FURTHER RECOMMENDED** that plaintiff's claims against Mitchel Fitch and Robert Taylor be **STAYED**.

It is **FURTHER RECOMMENDED** that the Clerk of Court be directed to mark this action **CLOSED** for statistical purposes.

It is **FURTHER RECOMMENDED** that the Court retain jurisdiction over the stayed claims and that the case be restored to the trial docket upon plaintiff's motion once his criminal proceedings are concluded, so that the claims may proceed to final disposition.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days

7

after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this tenth day of January, 2017.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**